838 P.2d 1262

**In the Matter of a Member of the State Bar of Arizona, William L. CLEMMENS, Respondent.**

No. SB–92–0052–D.
Comm. No. 89–0624.

Supreme Court of Arizona.
Before the Disciplinary Commission.

Sept. 28, 1992.

Margaret D. White, State Bar Co–Counsel.

Denis M. Fitzgibbons, State Bar Co–Counsel.

Harriet L. Turney, Chief Bar Counsel, State Bar of Arizona.

JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal having been filed before the Court,

IT IS ORDERED, ADJUDGED AND DECREED that WILLIAM L. CLEMMENS, a member of the State Bar of Arizona, is hereby censured for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that pursuant to Rule 52(a)(8), Rules of the Supreme Court of Arizona, the State Bar of Arizona is granted judgment against WILLIAM L. CLEMMENS for costs incurred by the State Bar of Arizona in the amount of $636.00, together with interest at the legal rate from the date of this judgment.

Exhibit A

BEFORE THE DISCIPLINARY COMMISSION

OF THE

SUPREME COURT OF ARIZONA

In the Matter of

WILLIAM LEON CLEMMENS,

a Member of the State

Bar of Arizona,

RESPONDENT.

DISCIPLINARY COMMISSION REPORT

Comm. No. 89–0624.

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on May 9, 1992, for oral argument on the hearing committee's recommendation of rejection of the agreement for discipline

by consent providing for censure, probation, and restitution.

## Decision

After consideration of the oral argument of Respondent and the State Bar and review of the record on appeal, the Commission, by a vote of eight to one,[1] rejects the committee's recommendation that the agreement be rejected, and orders that the agreement for discipline by consent be accepted, on the condition that it be amended to include, in addition to a censure,[2] the following: 1) restitution will be in the amount of $3,087.96 plus interest at the legal rate, from June 1, 1989, and 2) restitution will be paid by August 7, 1992.[3] The Commission also unanimously adopts the Amended Joint Memorandum in Support of Agreement for Discipline by Consent and the Amended Tender of Admissions and Agreement for Discipline by Consent as its findings of fact and conclusions of law.

## Facts

The complaint filed against Respondent concerns his dealings with one client. During the course of his representation of this client and her husband on various other legal matters, Respondent agreed to sublease his client's vehicle from her. In January 1987 Respondent prepared the sublease document, which did not fully protect the interests of the client. Specifically, the sub-lease failed to provide for remedies in the case of default by Respondent, failed to set forth circumstances under which the client could cancel the agreement, and failed to provided for late payment charges by Respondent. Further, Respondent failed to recommend to his client that she seek independent counsel regarding the agreement.

1. Commissioner Bossé dissented, in the belief that the misconduct involved warrants a period of suspension.

2. The original agreement for discipline provided for censure and restitution of $3,087.96. The restitution included no interest, and was to be paid within two years of the Commission's final order, according to a specific payment schedule

Respondent subsequently failed to make timely payments on the sub-lease. Additionally, the vehicle suffered significant damage while under sub-lease to Respondent.

In September 1988 the client notified Respondent that she was leaving the Phoenix area and, in light of his payment problems, did not want to leave the vehicle with him. Although Respondent informed her he would assume responsibility for the primary lease from the leasing company and would bring his payments current, he failed to do so.

In order to recover the vehicle, it was necessary for the client to make the delinquent payments, travel back to Phoenix, and have the vehicle towed and repaired. This cost the client $3,087.96.

The complaint charges Respondent with violations of ER 1.8(a) and ER 8.4(c) for these actions.

The complaint also charges Respondent with failure to return documents to the client at her request. However, in the amended agreement for discipline by consent, the State Bar conditionally admits it cannot prove this allegation by clear and convincing evidence; this count, therefore, is dismissed.

## Discussion of Decision

The agreement for discipline provides that Respondent violated ER 1.8(a), which prohibits a lawyer from entering into business transactions with a client unless "... (1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner which can be reasonably understood by the client; (2) the client is given a reasonable opportunity to seek the

detailed in the agreement. This two-year period of repayment constituted the "probation."

3. An Amended Tender of Admissions and Agreement for Discipline by Consent and an Amended Joint Memorandum in Support of Agreement for Discipline by Consent were filed June 3, 1992, and included the terms provided by the Commission.

advice of independent counsel in the transaction; and (3) the client consents in writing thereto." The Commission agrees that the sub-lease agreement between Respondent and his client violated ER 1.8(a).

■ Although also alleged in the complaint, the agreement for discipline does not admit to a violation of ER 8.4(c), which prohibits a lawyer from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation. After review of the record on appeal, the Commission believes that, although the sub-lease agreement may have been carelessly drafted, it was not the intent of Respondent to deceive or in any way harm his client through the terms of the agreement. The Commission dismisses this charge.

The Commission relies in part on the American Bar Association's *Standards for Imposing Lawyer Sanctions* to determine the appropriate sanction. The Court has noted that these Standards provide a useful framework for achieving consistency and proportionality in the imposition of sanctions. *In re Spear*, 160 Ariz. 545, 774 P.2d 1335 (1989). Standard 4.3, failure to avoid conflicts of interest, is particularly applicable to the facts of this case.

■ Standard 4.33 provides for reprimand (censure in Arizona) when a lawyer is negligent in determining whether the representation of a client may be materially affected by the lawyer's own interests, or whether the representation will adversely affect another client, and causes injury or potential injury to a client. The commentary to Standard 4.33 states that courts usually impose a censure when there is a single instance of this type of misconduct, the lawyer has merely been negligent, and there is no overreaching or serious injury to the client. In the present matter, this is apparently the only instance of Respondent's involvement in this type of transaction with a client. Although his client did suffer injury as a result, the Commission

believes that was the result of careless drafting, rather than an attempt by Respondent to gain at his client's expense. Further, the restitution provided for in the agreement will repay the client in full.

There are a number of other cases involving business transactions with clients, some of which have resulted in suspension. *See In re Pappas*, 159 Ariz. 516, 768 P.2d 1161 (1989), and *In re Spear*, 160 Ariz. 545, 774 P.2d 1335 (1989). In each of those cases, the respondent was seeking to benefit from his transaction with the client, despite the resulting injury to the client. In contrast, in the present matter Respondent was not attempting to better his position to his client's detriment. A more proportionate case to the instant matter is *In re Neville*, 147 Ariz. 106, 708 P.2d 1297 (1985), in which the respondent entered into real estate transactions with a client with adverse interests, without making full disclosure. Although the conduct in *Neville* was more egregious than that in the current matter, the Court imposed only a censure, in consideration of the respondent's lack of prior discipline and the lack of damage to the client. In the present matter, although Respondent does have one instance of prior discipline [4] and the client did suffer injury, his underlying misconduct was not as extreme as Neville's. Additionally, the terms of the amended agreement for discipline will correct the injury suffered by the client. A censure appears to be proportionate.

■ Recommendations of the hearing committee are entitled to deference and serious consideration. *In re Pappas*, 159 Ariz. 516, 768 P.2d 1161 (1988). In its report, the hearing committee recommended rejection of the agreement for discipline because it believed that the restitution should be paid in a more timely manner than over the two-year period provided for in the original agreement. The committee also believed that the restitution payments should include interest. Although technically rejecting the committee's rec-

---

4. Respondent was previously censured in 1987 for conduct unrelated to the conduct at issue here.

ommendation, the Commission notes that it adopts the committee's intent. The agreement was accepted only upon the condition that it be amended to include interest and payment of the restitution forthwith.

The Commission accepts the amended agreement for discipline by consent, and orders that Respondent be censured; that he pay restitution to his client in the amount of $3,087.96, plus interest at the legal rate from June 1, 1989; and that restitution be made on or before August 7, 1992. The Commission also orders that Respondent shall pay all costs and expenses incurred in these proceedings.

RESPECTFULLY SUBMITTED on July 30, 1992.

/s/Larry W. Suciu
Larry W. Suciu, Chairman